lIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOMMIE TELFAIR,<br><br>    Petitioner,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 19-9379 (JBS)<br><br>**OPINION** |

APPEARANCES:

Tommie Telfair, Petitioner pro se
#28440-050
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, U.S. District Judge:**

**I. INTRODUCTION**

 Tommie Telfair, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Docket Entry 1]. He also moves for bail. [Docket Entry 2]. For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

**II. BACKGROUND**

 In February 2010, a jury convicted Petitioner of conspiracy to distribute and possession with intent to distribute one

kilogram or more of cocaine. 21 U.S.C. § 846, 841(a)(1), (b)(1)(B); 18 U.S.C. § 2. *United States v. Telfair*, No. 08-cr-0757 (D.N.J. Nov. 23, 2011). He was sentenced to 240 months imprisonment in November 2011. *See United States v. Telfair*, 507 F. App'x 164, 169 (3d Cir. 2012), *cert. denied*, 571 U.S. 866 (2013). The United States Court of Appeals for the Third Circuit affirmed the convictions and sentence on appeal. *Id.*

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in October 2013. The Honorable Susan D. Wigenton, U.S.D.J., denied the motion on February 17, 2016, except for Petitioner's *Miranda*[1] claim which was reserved pending an evidentiary hearing. *Telfair v. United States*, No. 13-6585 (D.N.J. Feb. 17, 2016). The *Miranda* claim was denied on September 25, 2017. Order, *Telfair*, No. 13-6585 (Sept. 25, 2017 Docket Entry 59). The Third Circuit denied a certificate of appealability. *Telfair v. United States of America*, No. 17-3379 (3d Cir. June 19, 2018), *cert. denied*, No. 18-7840 (U.S. Mar. 18, 2019). Petitioner has filed a variety of motions and petitions seeking to overturn his conviction since the denial of his § 2255 motion.

Petitioner filed the instant petition challenging the validity of his conviction under 28 U.S.C. § 2241 on April 8,

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

2019. [Docket Entry 1]. He states he "takes umbrage at his unconstitutional conspiracy-conviction and sentence" and asserts "the underlying 'conduct' by which Petitioner's conspiracy-conviction is premised upon does not comport with the necessary threshold 'statutory-element' requirements under 21 U.S.C. § 846." [Docket Entry 1-1 at 2]. Petitioner invokes the savings clause to challenge his conviction, arguing he is actually innocent of the offense after the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65 (2014). [*Id.* at 17].

This matter is now ripe for disposition.

### III. STANDARD OF REVIEW

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

3

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## IV. ANALYSIS

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)). *See also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

"A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure

4

would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted); *see also Okereke*, 307 F.3d at 120-21.

Petitioner argues jurisdiction is proper under § 2241 because the Supreme Court's *Rosemond* decision puts him within § 2255(e)'s savings clause. In *Rosemond*, the Supreme Court held that a defendant must have "advance knowledge" of a firearm's involvement in a crime before he may be convicted of aiding and abetting a § 924(c) violation.[2] Petitioner was not convicted of an offense under § 924(c); instead he argues that the

---

[2] The Court defined "advance knowledge" for purposes of § 924(c) as "knowledge at a time the accomplice can do something with it—most notably, opt to walk away." *Rosemond*, 572 U.S. at 78. It went on to note that "[o]f course, if a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge." *Id.* at 78 n.9.

instructions given at his trial were "ambiguous or too general to determine whether Petitioner's 'foreknowledge' was required to have aided and abetted" his co-conspirator's distribution activities. [Docket Entry 1-1 at 19].

*Rosemond*'s applicability to Petitioner's convictions is questionable, but the Third Circuit has not addressed whether *Rosemond* claims may be filed as § 2241 petitions even if *Rosemond* was extended to cover claims such as Petitioner's. *See Solomon v. Warden Lewisburg USP*, 764 F. App'x 140, 140 (3d Cir. 2019) (per curiam) ("We have not yet addressed whether a claim based on *Rosemond* may be brought in a § 2241 petition, but we need not do so here because the record does not support Solomon's claim of actual innocence."). *See also McCrea v. Ortiz*, No. 17-4501, 2018 WL 1634395, at *3 (D.N.J. Apr. 5, 2018) (citing cases).

Presently in the Third Circuit, prisoners may use § 2241 to challenge their convictions after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" *Bruce v. Warden Lewisburg USP*,

868 F.3d 170, 180 (3d Cir. 2017) (quoting *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." *Id.*

The Court lacks jurisdiction over Petitioner's *Rosemond* claim under § 2241 because he had a prior opportunity to raise the claim. *Rosemond* was decided on March 5, 2014, at which time Petitioner's § 2255 motion was pending in this district. Final order denying § 2255 motion, *Telfair*, No. 13-6585 (Sept. 25, 2017 Docket Entry 59). Petitioner could have amended his § 2255 motion to include a *Rosemond* claim before the final judgment on his § 2255 motion was entered on September 25, 2017. Because Petitioner had a prior opportunity to raise his *Rosemond* claim in this § 2255 motion, the Court lacks jurisdiction over it under § 2241. The Court also lacks jurisdiction over Petitioner's motion for bail.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in

7

the interests of justice to transfer this habeas petition as Petitioner has already filed a § 2255 motion and it does not appear he can meet the requirements of § 2255(h) for filing a second or successive § 2255 motion. Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Third Circuit's permission to file on his own successive § 2255 motion pursuant to § 2255(h) should he so choose.

**V.    CONCLUSION**

For the reasons stated above, the petition and motion for bail are dismissed for lack of jurisdiction. An accompanying Order will be entered.

**June 20, 2019**                                              **s/ Jerome B. Simandle**
Date                                                      JEROME B. SIMANDLE
                                                                U.S. District Judge